### DEAN v. UNITED STATES. *
#### No. 6350.

Circuit Court of Appeals, Ninth Circuit.
Aug. 10, 1931.

*Rehearing denied Oct. 13, 1931.

S. J. Bischoff, of Portland, Or., for appellant.

George Neuner, U. S. Atty., of Portland, Or.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from a conviction on two counts of an indictment charging the appellant with knowingly and fraudulently concealing certain assets, to wit, a diamond ring and a diamond stickpin, valued at approximately $1,500, from his trustee in bankruptcy, and making a false oath in connection with his schedule of assets, in that he failed to include therein the aforesaid ring and stickpin. Appellant's motion for a directed verdict. was granted as to another count charging the fraudulent concealment or transfer of assets of a bankrupt corporation, the Charles J. Dean, M. D., Inc.

The second and third counts, upon which conviction was had, were drawn under subdivisions 1 and 2, respectively, of title 11 USCA § 52(b), and the first count under subdivision 6. The material parts of the act are as follows:

"A person shall be punished * * * upon conviction of the offense of having knowingly and fraudulently * * * (1) concealed from the * * * trustee * * * any property belonging to the estate of a bankrupt; or (2) made a false oath or account in, or in relation to any proceeding in bankruptcy; or * * * .(6) having been an officer or agent of any person or corporation, and in contemplation of the bankruptcy of such person or corporation, or with intent to defeat the operation of this title, concealed or transferred any of the property of the debtor."

The main issue is the ownership of the articles of jewelry in question, the government contending they were the property of the appellant, and the appellant contending he gave them to his wife about seven months prior to filing his petition in bankruptcy. The numerous assignments of error relate chiefly to the joinder of the several counts in the indictment; rulings on the admission of evidence; refusal of motion for directed verdict; and refusal to give certain requested instructions.

The first count charged that appellant, while president of Charles J. Dean, M. D., Inc., in contemplation of bankruptcy, and for the purpose of concealing the assets of the corporation, transferred a note and mortgage of the corporation to a corporation which had been dissolved. Appellant moved to quash the indictment on the ground of misjoinder and to require the government to elect whether it would go to trial on count 1 or on counts 2 and 3, which motions were denied.

Appellant filed his petition in bankruptcy and schedule of assets on February 3, 1928. For several years prior thereto he had been the owner of the ring and stickpin in controversy. In July, 1927, he married his present wife. Both he and his wife testified that they had become engaged in the spring of 1927; that at that time appellant promised to give the jewelry to her; that he did so on the night of their marriage; that it was their intention to have the diamonds remounted into a dinner ring suitable to be worn by a wo-

man, but this was not done because the cost of resetting was prohibitive at the time; that appellant had possession of, and continued to wear, the ring and stickpin after their marriage and up until the latter part of January, 1928; that on January 26, 1928, a verdict was returned against appellant in a civil suit in the state court, and on that day he returned the jewelry to the possession of his wife. The testimony of these witnesses as to their intention of having the diamonds remounted was corroborated to some extent by that of jewelers whom they had interviewed for that purpose. But the jewelers were unable to fix the date at which the conversation took place, except that it was after the marriage. A witness for the government testified that the appellant wore the ring and stickpin but a week before filing his petition in bankruptcy, and this is admitted by appellant. It is true that proof of possession merely raised a presumption of ownership. But the uncontradicted testimony of the witness for the government that the appellant wore the ring and stickpin within a week of filing his petition in bankruptcy, the admission of the appellant and his wife that appellant had possession of and wore the jewelry after the time of the alleged gift in July, and the admitted fact that appellant did not actually return possession of the jewelry to his wife until the day a judgment was rendered against him in the civil suit, which was but a week before filing the petition in bankruptcy, together with the other facts proved, were sufficient to justify the jury in finding, as they must have found, that the alleged gift to the wife was not made as claimed. The issue as to the actual ownership of the articles, or as to the date when the gift was in fact made, if at all, was clearly for the exclusive determination of the jury, from their consideration of the testimony as a whole and the credibility to be accorded the witnesses before them.

Appellant contends that count 1 was improperly joined with counts 2 and 3, because the charges did not arise out of the same transaction, nor were they connected together. The statute permitting the joinder of counts in an indictment is as follows: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts;

and if two or more indictments are found in such cases, the court may order them to be consolidated. (R. S. § 1024)." 18 USCA § 557.

As said by the court in United States v. Jones (D. C.) 69 F. 973, 980: "There are three separate subdivisions in the statute, under either of which authority is given to unite several counts in the same indictment: (1) When there are several charges against any person for the same act or transaction; (2) when there are several charges against any person for two or more acts or transactions connected together; (3) when there are several charges against any person for two or more acts or transactions of the same class of crimes or offenses." See, also, Foster v. United States (C. C. A. 9) 11 F.(2d) 100.

Manifestly the indictment here charged "acts or transactions of the same class of crimes or offenses." The various offenses in violation of the act are included in the same section or paragraph, and are punishable by the same sentence.

It is unnecessary to consider at length the merits, per se, of assignments of error Nos. 1 and 2, which set forth that the court erred in overruling defendant's motion to quash and motion to elect, since, if any error was committed, it was subsequently cured by the withdrawal of count 1 from the consideration of the jury.

We may, however, in passing, call attention to the case of Williams v. United States, 168 U. S. 382, 390, 391, 18 S. Ct. 92, 95, 42 L. Ed. 509, in which the Supreme Court used the following language:

"The accused having been charged with different acts or transactions 'of the same class of crimes or offenses,' it is scarcely necessary to say that the transactions referred to in the indictments, being of the same class of crimes, could properly—that is, consistently with the essential principles of criminal law—be joined in one indictment against a single defendant without embarrassing him or confounding him in his defense. Pointer v. U. S., 151 U. S. 396, 400, 14 S. Ct. 410 [38 L. Ed. 208]. * * *

"Nothing in the record shows that the consolidation of these cases worked or could have worked any prejudice to the defendant."

See, also, Dolan et al. v. United States (C. C. A.) 133 F. 440, 446, 447, and Olson v. United States (C. C. A.) 133 F. 849, 851, 852.

Furthermore, the language of the court, in instructing the jury to find the defendant

not guilty as to count 1, was explicit, and we must assume that the instruction was regarded by the jurors: "In determining the questions submitted to you under Counts 2 and 3, you will disregard any impressions you have as to the guilt or innocence of the defendant on the charge preferred in Count 1. You will determine the questions submitted to you under Counts 2 and 3 as if there were no Count 1 in the indictment."

In Beaux Arts Dresses, Inc., et al. v. United States (C. C. A. 2) 9 F.(2d) 531, 533, the court used the following language: "Since the defendant below has been acquitted of sending the false statement through the mails in furtherance of a scheme to defraud, we must assume such finding by the jurors represents a disbelief by them of the charge."

It is true in that case the court referred to the evidence admitted under the count upon which the defendant had been acquitted, and held that such evidence, which was claimed to be prejudicial, was competent to prove the guilt of the defendant of the charge of which he was convicted. But the general principle of law above quoted remains the same.

In the case of Weinhandler v. United States (C. C. A. 2) 20 F.(2d) 359, 362, the court, citing the Beaux Arts Dresses Case, supra, said: "Error is alleged in the misjoinder of the counts of the indictment charging embezzlement of the blankets with the embezzlement of the money, but the acquittal by the jury of the counts dealing with the embezzlement of the blankets cured the misjoinder, if any."

Certiorari in the Weinhandler Case, supra, was refused by the Supreme Court, 275 U. S. 554, 48 S. Ct. 116, 72 L. Ed. 423.

█ Assignments 3 and 4 assert that the court erred in denying defendant's motions to dismiss the indictment and for a directed verdict. It is contended that, at the time the petition was filed and the schedules verified, the legal title to the property in question was not in the bankrupt, and had not been for some time theretofore; and that, further, to establish the offense set forth in the first count, it must appear that the property belonged to the bankrupt's estate, and that the transfer was merely "a temporary expedient to place the property beyond the reach of the trustee, the title to be resumed by the bankrupt as soon as prudence will permit." In other words, it is urged that it must be proved that a secret trust exists in his favor, and that his wife is under agreement, express or implied, to reconvey or return the property to him when the danger of attack by creditors has passed.

Even if we assume this to be a correct statement of the law on the subject, we think that there was ample evidence from which the jury might have concluded that the defendant was guilty of concealing the property mentioned in count 2 of the indictment.

We find no error in the court's overruling the defendant's objection to the testimony referred to in assignment 5, nor do we think the court erred in sustaining the government's objections to the testimony referred to in assignments 6, 7, 8, and 9, or in refusing, on its own motion, to permit the defendant to ask the question referred to in assignment 10.

█ Manifestly, the question of whether or not the trustees filed any complaint against the defendant, charging the commission of any offense against the Bankruptcy Act, the question of whether or not there had come to the referee's knowledge or attention any circumstances or facts indicating that a criminal offense had been committed by the bankrupt, whether or not the referee filed any complaint or made any report to the United States Attorney with reference to any such offenses, and the report of the findings of fact and conclusions of law of the special master and the circumstances under which such report was made, were irrelevant and immaterial.

The requested instructions forming the subjects of assignments 11 and 12, in so far as they were proper, were substantially given by the court. The instructions as given were full and explicit, and it seems to us that the jury could not have failed to understand them. With reference to the ownership of the jewelry, the court said:

"You are instructed that even if you should find that the intended gift of the jewelry from the defendant to his wife was not legally consummated, that of itself would not warrant a verdict of guilty. If you find from the evidence that the defendant believed that he had made a consummated gift to his wife, and because of such belief omitted to list the jewelry in his schedules, the defendant would be entitled to a verdict even if his belief was erroneous.

"If a gift by a husband to his wife has been consummated by actual delivery, it is not required that the wife should subsequently continue in the sole possession of the prop-

erty. Mere possession and use of the property by the husband does not divest the wife of title."

As regards assignments 13 and 14, we find that the court fully and fairly gave instructions on the question of reasonable doubt and the presumption of innocence, and we think that the instructions correctly state the law. Egan v. United States, 55 App. D. C. 306, 5 F.(2d) 267, 268, citing Allen v. United States, 164 U. S. 492, 17 S. Ct. 154, 41 L. Ed. 528. This being so, the trial court was not required to employ the language used by counsel in the requested instructions.

In his opening brief, on pages 80, 81, appellant makes the following concession: "If the delivery to his wife was merely a sham, and the delivery was made with the understanding that she was to hold the articles for the defendant merely, that he would have the right to demand them back as his own at any time, the defendant would be guilty of concealment, for the wife would in law be merely the bailee for the bankrupt."

Not only was there evidence sufficient to justify the court in submitting the case to the jury, but there was sufficient to justify a finding of "sham," and undoubtedly the jury did so find.

Mrs. Dean's evidence was contradictory, and Dean's testimony lacks candor and consistency. The jury evidently decided that he had never given her the jewelry at all. Having heard the testimony and being required to pass upon its credibility, it must be assumed that the jury gave it the weight to which it was entitled.

We find no error in the record, and the judgment is affirmed.

WILBUR, Circuit Judge, concurs.