Arthur V. DONALDSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15018.

United States Court of Appeals Ninth Circuit.

Sept. 27, 1957.

Rehearing Denied Dec. 4, 1957.

Jerome Anderson, Billings, Mont., Leslie MacGowan, San Francisco, Cal., for appellant.

Krest Cyr, U. S. Atty., Butte, Mont., Dale F. Galles, Asst. U. S. Atty., Billings, Mont., Thomas G. Meeker, General Counsel, David Ferber, Asst. General Counsel, Joseph B. Gildenhorn, Attorney, S.E.C., Washington, D. C., for appellee.

Before BONE and HAMLEY, Circuit Judges, and GOODMAN, District Judge.

BONE, Circuit Judge.

Appellant was indicted for violating the fraud provisions of Section 17(a)(1) of the Securities Act of 1933, 15 U.S. C.A. § 77q(a)(1), the mail fraud statute, 18 U.S.C.A. § 1341, and for conspiring to commit these crimes in violation of 18 U.S.C.A. § 371. Count V of the indictment was dismissed because of an error in typography. The jury returned a verdict of guilty on counts I, II, III, IV, VI, VII, VIII and IX. Appellant was acquitted as to Count X, the conspiracy charge.

Named with appellant in the indictment was C. A. Donaldson, father of appellant, who died before the trial. The indictment charged, in substance, that appellant and C. A. Donaldson, devised a scheme and artifice to defraud in the sale of preferred stock of Billings Holding Corporation and of subscriptions for health, accident and hospitalization insurance policies to be issued by Montana Mutual Health and Accident Company. The testimony of the investor witnesses conflicted with the testimony of appellant, and the jury returned a verdict against appellant, except for the conspiracy count.

■ On this appeal, appellant urges four points.[1] The first point is that the trial court abused its discretion by admission over objection of evidence of acts and declarations made by the alleged co-conspirator (C. A. Donaldson) prior to presentation of evidence that a conspiracy existed. Government called certain witnesses who testified to acts and declarations made by C. A. Donaldson, alleged co-conspirator of appellant. These witnesses were called at the time they were because of the need for the witnesses to be elsewhere during the time they normally would have been called. The trial judge specifically found the evidence admissible when offered subject to the requirement that the testimony later be connected up with evidence of conspiracy.

■ We believe the trial judge did not err when he admitted the evidence subject to being "connected up" later. The order in which evidence is to be received is largely a matter within the discretion of the trial court. McDonald v. United States, 77 U.S.App.D.C. 33, 133 F.2d 23, 24; McNeil v. United States, 66 App.D.C. 199, 85 F.2d 698, 703; United States v. Kendall, 7 Cir., 165 F.2d 117, 119; McCormick, Law of Evidence, 1954, pp. 134–135.

■ Appellant's second point is that the trial court committed prejudicial error in that it did not instruct the jury at the time the evidence of the acts and declarations of the alleged co-conspirator were admitted that the jury could not consider such evidence against appellant until and unless they found a conspiracy to exist between appellant and the alleged co-conspirator. It does not appear from the record that appellant's counsel requested a limiting instruction at the time the evidence was admitted subject to being connected up later. " * * * In the absence of such a requested instruction there is no basis for complaint. [Citations omitted.]" Troutman v. United States, 10 Cir., 100 F.2d 628, 634; United States v. Alfano, 3 Cir., 152 F. 2d 395, 397. Furthermore, in the general instructions given at the conclusion of the trial, we believe an adequate instruction was given the jury limiting use against appellant of the declarations and acts made by others.[2]

■■ The third point presented by appellant is that without the testimony relating to the declarations and acts of C. A. Donaldson there was insufficient evidence to sustain the verdict and judgments on counts I, III, IV, VI, VIII and IX. Appellant advances the contention that since the jury did not find appellant guilty of a conspiracy as charged in count X, the jury could not consider as evidence against appellant the testimony concerning declarations and acts of C. A. Donaldson, and that the other evidence in the case is insufficient to sus-

1. Rule 18(d) of this Court, 28 U.S.C.A., requires a specification of errors which appellant intends to rely upon in the appeal to this Court. While there is no formal specification of errors in appellant's brief, his summary of argument presents four clear claims of error, and for the purpose of disposing of this case we have considered this summary as his specification of errors. Mr. MacGowan, counsel for appellant, was appointed by this Court after the appeal was filed. He did not participate in the trial of the case and merits praise for his careful study of the case record and excellent presentation of it on this appeal.

2. At the same citation in both cases, the courts also stated, "The purpose for which evidence is admitted or the party to whom it applies may be limited either at the time it is received or in the general instructions." In the Troutman case the appellant alleged error for not limiting the evidence as it was admitted, while in the Alfano case the trial judge gave a limiting instruction at the time the evidence was admitted, but did not include such an instruction in his general instructions. See Lutwak v. United States, 344 U.S. 604, 618–619, 73 S.Ct. 481, 97 L. Ed. 593, where several defendants were tried and the declaration in issue was made after the conspiracy ended and it was not made clear by the instructions that such declaration should be considered only against the speaker. But even this error was determined to have been harmless.

tain the verdicts and judgment thereon. With this we cannot agree; we believe there was sufficient other evidence to take the case to the jury as to appellant's guilt on the non-conspiracy counts. But we note also that apparently not all of the evidence at trial has been included in the transcript on appeal, which makes it impossible to evaluate the sufficiency of the evidence. Johns v. United States, 10 Cir., 227 F.2d 374, 375.

■ The fourth point presented in this appeal is that the jury "could not help but be influenced by the evidence erroneously admitted and considered by it contrary to the instructions given it." We cannot agree with this argument. As stated earlier, we don't believe the evidence was erroneously admitted. Furthermore, we do not know what evidence the jury considered in finding appellant guilty on counts I, II, III, IV, VI, VII, VIII and IX. A jury is presumed to have understood and followed the court's instructions, and to have given proper weight to testimony. Dean v. United States, 9 Cir., 51 F.2d 481, 484, 485; Cavness v. United States, 9 Cir., 187 F.2d 719, 722-723, certiorari denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374; Suhay v. United States, 10 Cir., 95 F.2d 890, certiorari denied 304 U.S. 580, 58 S.Ct. 1060, 82 L.Ed. 1543.

Even should appellant be correct in his third and fourth points this Court could not reverse, since even if the verdict and judgment on counts I, III, IV, VI, VIII and IX were improper, counts II and VII would still stand as it is not contended that these counts are not sustained by evidence. Count II charged use of the mails to defraud, 18 U.S.C.A. § 1341, and Count VII charged fraud in the sale of securities, 15 U.S.C.A. § 77q. 15 U.S.C.A. § 77x provides for a fine up to $5,000 and imprisonment not exceeding five years for violation of 15 U.S.C.A. § 77q.

■■ Appellant was fined $3,000 and sentenced to imprisonment for a term of five years. This sentence was less than the maximum that could have been given appellant for violation of 15 U.S. C.A. § 77q. A general sentence imposed upon conviction under an indictment in several counts will be upheld and the judgment affirmed if sentence imposed does not exceed that prescribed for any one count, and the evidence sufficiently sustains conviction upon that count. United States v. Karavias, 7 Cir., 170 F.2d 968, 971; Armstrong v. United States, 9 Cir., 16 F.2d 62, 64, certiorari denied 273 U.S. 766, 47 S.Ct. 571, 71 L.Ed. 881; Pinkerton v. United States, 328 U.S. 640, 641, fn. 1, 66 S.Ct. 1180, 90 L.Ed. 1489. Likewise, sentence will be sustained where the evidence supports conviction on all counts and the sentence exceeds the maximum permissible sentence under one, but not all, of the counts. United States v. Karavias, supra. Appellant must prove that he was improperly convicted on each Securities Act count before this Court would reverse; appellant has not done this.

Affirmed.