Lawrence Allison **HOBART**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16607.

United States Court of Appeals
Ninth Circuit.

March 1, 1960.

Barbara Warner, Caryl Warner, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, George W. Kell, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and BARNES, Circuit Judges, and JAMESON, District Judge.

PER CURIAM.

Appellant was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), which provide:

"(a) Whoever, by force and violence, or by intimidation, takes * * * from the person or presence of another any * * * money * * * belonging to, or in the care, custody, control, management, or possession of, any bank, * * *

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\* \* \* \* \* \*

"(d) Whoever, in committing * * * any offense defined in subsections (a) * * *, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

The indictment charged that one Pependrea and appellant "by force and violence, knowingly and wilfully took from Mrs. Carol Davis, teller, $1,474, belonging to" a bank; and that in committing the offense the defendant "assaulted and put in jeopardy the life of Mrs. Carol Davis by the use of * * * a dangerous weapon * * *."

Appellant and Pependrea were tried together. Pependrea was found guilty.[1] The jury failed to agree as to appellant, who was subsequently retried, found guilty,[2] and sentenced to ten years.

At each trial there was submitted to the jury a special interrogatory as to whether Pependrea "put in jeopardy the life of any person by the use of a dangerous weapon." In the first trial, when appellant and Pependrea were tried together, this interrogatory was answered in the negative. In the second trial, when appellant was tried alone, it was answered in the affirmative. At the second trial the jury also found specially that appellant knew or had reason to believe that Pependrea "was armed with a dangerous weapon."

Appellant contends that (1) the evidence was insufficient to sustain the finding of jeopardy of life by a dangerous weapon; (2) inconsistent judgments arising out of identical facts may not simultaneously be affirmed; and (3) the judgment of conviction should be reversed, since the judgment was for a greater offense than the evidence justified, even though the sentence was within the limits for the lesser offense. There is no contention that the evidence did not justify a conviction under Section 2113 (a).

Assuming, arguendo, that the first two points are well taken, appellant has failed to show wherein he was prejudiced, or any of his substantial rights were affected.[3] Counsel argues that the court might not have imposed a ten year sentence "were the conviction (under) subsection (a) only."[4] The same judge,

---

1. Judgment of conviction, from which Pependrea appealed, was affirmed by opinion of this court filed. Pependrea v. U. S., 275 F.2d 325.

2. Pependrea and appellant had agreed to rob the bank. Pependrea entered the bank, laid a money sack before a woman teller, and ordered her to "fill it up." The teller thought he was "joking". Pependrea replied that he was not fooling, and raised his shirt, allowing the teller to see a gun stuck in his waistband. Upon seeing the gun, the teller became frightened, and put the money in her cash drawer in Pependrea's sack. Appellant drove the get-away car, and the money was divided between them.

3. Rule 52(a), Federal Rules Criminal Procedure, 18 U.S.C., provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Cf. Knight v. United States, 9 Cir., 1953, 225 F.2d 55, certiorari denied, 350 U.S. 890, 76 S.Ct. 148, 100 L. Ed. 784.

4. In urging reversal for resentencing counsel relies upon Yates v. United States, 1957, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed. 2d 95, where the appellant had been found guilty of eleven contempts and sentenced

however, presided at both trials and sentenced Pependrea to 20 years for the same offense, even though the jury which convicted Pependrea found that Pependrea did not place any life in jeopardy. The sentence imposed on appellant was well within the limits prescribed for a violation of subsection (a) and accordingly is a valid sentence.

Judgment affirmed.

to one year on each to run concurrently. The Supreme Court reversed as to ten counts and remanded for resentencing on the one count, suggesting that the "court's judgment as to the proper penalty may have been affected by the view that plaintiff had committed eleven separate contempts." Various factors set forth in the Court's opinion distinguish the Yates case from the general rule that, "A general sentence imposed upon conviction under an indictment in several counts will be upheld and the judgment affirmed if sentence imposed does not exceed that prescribed for any one count, and the evidence sufficiently sustains conviction upon that count." Donaldson v. United States, 9 Cir., 1957, 248 F.2d 364, 367, certiorari denied 356 U.S. 922, 78 S.Ct. 706, 2 L.Ed.2d 717. By analogy the general rule may properly be applied here.