**Frank STRANGWAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18160.**

United States Court of Appeals Ninth Circuit.

Jan. 8, 1963.

Rehearing Denied Feb. 12, 1963.

284

Richard E. Adams, San Diego, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, Richard A. Murphy, Asst. U. S. Atty., Asst. Chief, Criminal Section, Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

Frank Strangway was convicted and sentenced, on a jury verdict, on count five of a twelve-count indictment charging violations of 26 U.S.C. § 7206(2), Internal Revenue Code of 1954.[1] Under count five Strangway was charged with having, on February 27, 1959, wilfully and knowingly aided and assisted in, and counseled, procured and advised the preparation and presentation of a false and fraudulent income tax return of Ramona E. Rodriguez for the year 1958. Appealing to this court, Strangway contends that the district court erred in several different respects.

First, appellant contends that the verdict is contrary to the evidence and the trial court therefore erred in failing to dismiss at the close of the Government's case, and in failing to direct a verdict of acquittal.

The Government argues that appellant designated only a portion of the evidence for inclusion in the record on appeal and that, for this reason, we may not pass upon the question of the sufficiency of

1. § 7206. "Fraud and false statements

"Any person who—

\*    \*    \*    \*    \*

"(2) Aid or assistance.—Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; \* \* \*."

the evidence. Appellant has not contradicted the Government's assertion that only a partial transcript has been filed.[2]

The Government's position is correct. Where only a partial transcript of the evidence is included in the record on appeal, the sufficiency of the evidence cannot be evaluated. Donaldson v. United States, 9 Cir., 248 F.2d 364, 367.

■ Second, Strangway contends that the trial court erred in rejecting his offered instruction to the effect that if the evidence is susceptible of two reasonable constructions or interpretations, one of which points to guilt and the other to innocence, the jury must adopt that interpretation which points to innocence.

Strangway does not argue this point in his brief. Nor did he object in the trial court to the failure to give this instruction, as required under Rule 30, Federal Rules of Criminal Procedure. For these reasons we decline to consider this contention on the merits.

■ Third, appellant contends that the trial court erred in rejecting his offered instruction to the effect that the jury may not convict on circumstantial evidence alone, unless the proved circumstances are not only consistent with the hypothesis of guilt, but are irreconcilable with any other rational conclusion.

The proposed instruction is not in accord with the currently-accepted rule in the federal courts. See Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150; Bolen v. United States, 9 Cir., 303 F.2d 870, 874.

■■ Fourth, appellant contends that the jury should have been instructed on the evaluation of the testimony of an accomplice. This point is not mentioned in appellant's specifications of error relied upon, as required by Rule 18(d) of the rules of this court. Under that rule, if appellant proposed an instruction on the subject he should have set it out totidem verbis in such a specification, together with the grounds of the objection urged at the trial to the court's refusal to give the instruction. If he did not so object, he is not entitled to raise the question in this court, unless we notice the matter as a plain error or defect affecting substantial rights. Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., Baker v. United States, 9 Cir., 310 F.2d 924, decided November 20, 1962.

It would appear from the portion of the record cited by appellee that the trial court asked counsel for appellant if he had any objections to the instructions given or refused, and that counsel indicated an objection only with regard to the refused instruction on circumstantial evidence. Appellant has not asked us to notice this matter as plain error but, in any event, we hold that it did not constitute plain error.

■ Fifth, appellant contends that in giving the instruction quoted in the margin, the trial court erroneously coerced the jury into bringing in a verdict, and asked it to consider factors outside the evidence.[3]

The objection taken to the giving of this instruction was not adequate as it

2. Appellant filed no reply brief and did not offer oral argument.

3. The instruction in question reads:
"Ladies and gentlemen of the jury, while there have been numerous.exhibits in this case, and quite a bit of testimony, as a matter of fact, this case is not difficult. There is nothing factually difficult about this case at all, and I do not understand why you are unable to reach a verdict.
"The facts, as I said before, are quite simple. It has been carefully presented, and I want to suggest a few thoughts which you may desire to consider in your deliberations along with all the evidence and all the instructions previously given to you.
"This is an important case. The trial has been expensive to both the prosecution and the defense. If you fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of some time. There appears no reason to believe that another trial would not be equally expensive to both sides. Nor does there appear any reason to believe that the case can be tried any better or more exhaustively than it has been, on either side. Any future jury

failed to state a ground for the objection. But, proceeding to the merits, the questioned instruction is almost identical with an instruction given in United States v. Tomoya Kawakita, S.D.Cal., 96 F.Supp. 824, 855–856, which instruction was approved by this court on appeal. Tomoya Kawakita v. United States, 9 Cir., 190 F.2d 506, 521–528. In our view the giving of this charge was not, under the circumstances of this case, prejudicial to appellant.[4]

■ Sixth, appellant contends that since the 1958 tax return which Ramona E. Rodriguez signed, constituted a declaration under the penalty of perjury, the effect of permitting her to testify at the trial that the return was not true and correct is "to permit a foundation for prosecution to be based on perjured testimony." Appellant also invokes the rule that a conviction cannot stand where the testimony of a material witness is false and without which a jury might have reached a different conclusion, citing United States v. Johnson, 7 Cir., 149 F.2d 31; and Martin v. United States, 5 Cir., 17 F.2d 973.

In both Johnson and Martin, affidavits submitted after trial in support of motions for a new trial on the ground of newly-discovered evidence tended to show that a major witness for the prosecution had testified falsely at the trial. But in our case there is no such showing.

The jury knew that Ramona E. Rodriguez' testimony concerning her allowable 1958 income tax deductions differed from the facts concerning such deductions as set out in her prior return. It was for them to determine whether she told the truth in her return or at the trial. They accepted her trial testimony as the truth and this finding is binding upon us. It is immaterial that such testimony may have laid a foundation for a perjury prosecution against her based on the untruthful return.

Appellant contends that to uphold the verdict under the circumstances of this case would be inimical to the interests of justice. Two grounds for this contention are asserted: (1) numerous taxpayers had informed the Internal Revenue Service that appellant had intentionally prepared incorrect tax returns on their behalves and to permit conviction under these circumstances would "render null and void the oath a taxpayer must take when he files his income tax return"; and (2) to uphold the verdict would make it possible for any taxpayer who caused an incorrect return to be filed in cooperation with another, to escape the penalty by revealing the fraud.

These are at most policy considerations which, however resolved, could not affect the validity of the conviction. Whether, as a result of this prosecution, Ramona E. Rodriguez or any other taxpayer will escape prosecution, is not revealed by this record, nor is it a matter of any concern to appellant except, as to Ramona E. Rodriguez, on the question of her credibility as a witness. That question is not before us. Section 7206 (2), under which appellant was prosecuted makes it explicit that what would otherwise be a violation thereof is not affected by the fact that the taxpayer may have known and consented to the falsity or fraud which was effectuated.

must be selected in the same manner and from the same source as you have been chosen. * * * "

"Of coure these matters suggest themselves upon brief reflection to all of us who have sat through this trial. The only reason they are mentioned is because some of them may have escaped your attention, which must have been fully occupied up to this time in reviewing the evidence. * * * "

4. The instruction here in question, while intended to deal with the same kind of trial situation which has often led to the giving of the so-called "Allen" instruction, approved by the Supreme Court in Allen v. United States, 164 U.S. 492, 501–502, 17 S.Ct. 154, 41 L.Ed. 528, is substantially different in content frcm that instruction.

Finally, appellant contends that his Fifth Amendment right to due process has been violated. The circumstances relied upon by appellant present no constitutional problem.

The judgment is affirmed.