UNITED STATES, Appellee

v.

Benjamin E. M. SKERRETT, IV,
Chief Air Traffic Controller
U.S. Navy, Appellant.

No. 93–1034.
CMR No. 91 0641.

U.S. Court of Military Appeals.

Argued May 9, 1994.

Decided Sept. 16, 1994.

For Appellant: *Lieutenant Commander Helen B. Thompson, JAGC, USN* (argued); *Lieutenant James A. Douglas, JAGC, USNR* (on brief); *Captain Dwight H. Sullivan, USMC.*

For Appellee: *Lieutenant R. W. Sardegna, JAGC, USNR* (argued); *Colonel T. G. Hess, USMC, and Commander S. A. Stallings, JAGC, USN* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

1. During September of 1989, appellant was tried by a general court-martial composed of officer and enlisted members at Naval Support Activity, New Orleans, Louisiana. Contrary to his pleas, he was found guilty of sodomy with a child under the age of 16 years and of committing indecent acts with the same child (2 specifications), in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The military judge earlier had granted a motion for a finding of not guilty of a third specification of committing indecent acts with a second child (specification 1, Charge II). Appellant was sentenced to confinement for 12 years. On March 7, 1991, the convening authority approved the sentence. On September 10, 1991, the Naval Clemency and Parole Board directed remission of confinement in excess of 10 years. An action effecting this direction was issued on April 2, 1993. Subsequently, the Court of Military Review affirmed the findings of guilty and the sentence, as remitted, in an unpublished opinion dated April 9, 1993.

2. On September 24, 1993, this Court granted review of the following issue: *

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY HOLDING A TEENAGE GIRL'S TEARFUL TESTIMONY THAT "BEN SKERRETT MOLESTED ME" HAD NO IMPACT WHEN THE MEMBERS SENTENCED APPELLANT FOR OTHER CHILD ABUSE OFFENSES.

We hold that the Court of Military Review did not err in affirming appellant's sentence. *United States v. Balagna,* 33 MJ 54 (CMA 1991); *United States v. Rushatz,* 31 MJ 450 (CMA 1990).

3. Appellant was charged with sodomy (Charge I) and committing indecent acts (amended specification 3, Charge II) with a 7–year old girl, A.R., on or about January 26, 1989. Appellant was also charged with committing indecent acts with A.R. on January 30, 1989 (amended specification 2, Charge II). In addition, he was charged with committing indecent acts with a 14–year old, M.S., on April 6, 1987 (specification 1, Charge II).

4. During a pretrial hearing under Article 39(a), UCMJ, 10 USC § 839(a), defense counsel moved to dismiss specification 1, Charge II (committing indecent acts with M.S.) on the basis of the statute of limitations. The defense contended that the offense occurred, if at all, in 1985. After hearing the testimony of several prosecution and defense witnesses, the military judge denied the defense motion to dismiss.

5. During the Government's case on the merits, the prosecution called M.S. to the witness stand. She testified that appellant "molested" her in 1987 while she was spending the night with appellant's daughter at appellant's home. She described how appellant entered the bedroom in which she was sleeping with her sister and appellant's daughter. According to M.S., appellant unzipped her sleeping bag and began touching her breasts and vaginal area. Defense counsel conducted extensive cross-examination, focusing primarily on whether the date in question was in 1987 or 1985.

6. At the close of the Government's case, defense counsel moved for a finding of not guilty to specification 1, Charge II (committing indecent acts with M.S.). The military judge granted the motion. Defense counsel then made a motion for a mistrial based on the prejudicial effect that M.S.' testimony would have on the members in determining appellant's guilt of the remaining Charges and specifications. The military judge heard argument from both sides and then denied the motion. He stated that "[t]he members will be advised to disregard the testimony of [M.S.]—and her mother—although [the mother's testimony] really is not of critical importance."

7. The military judge gave the following instruction to the members:

Members of the court, I have granted a motion for a finding of not guilty with regard to Specification 1 of Charge II. I'll repeat. I have granted a motion for a finding of not guilty with regard to Specification 1 of Charge II. These involve—that involves the allegations involving [M.S.]. That char—that specification of Charge II is no longer before you.

Now, obviously that raises a question. And that is, what are you as members to do with regard to considering the testimony of [M.S.] and her mother, [C.S.]. The following instruction pertains to that matter.

*You are directed to disregard—that is, absolutely disregard—testimony by [M.S.] and her mother, [C.S.]. Those matters may not—I repeat—not—be considered by you in any—I emphasize "any"—way in evaluating the other evidence in this case or during your period of deliberation.*

---

* Review was also granted on the following issue:
DOES THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS DEPRIVE THAT COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE?
This issue was resolved in favor of the Government in *United States v. Mitchell,* 39 MJ 131 (CMA), *cert. denied,* ___ U.S. ___, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994).

*Again, you are directed to disregard—that is, absolutely disregard—the testimony by [M.S.] and [C.S.]—those matters may not be considered by you in any way in evaluating other evidence in this case and actually—rather than or—during your period of deliberation.*

I'm going to first poll each of you to make sure you understand what I have just said. If you don't, tell me.

Do you understand?

\*     \*     \*

[All members individually responded affirmatively.]

Next question. Will you be able to follow that instruction? Again, answer independently?

\*     \*     \*

[All members individually responded affirmatively.]

Do you have any doubt in your mind about being able to follow that instruction?

\*     \*     \*

[All members individually responded negatively.]

Members, I will have another copy of the charge sheet prepared for you. I would like you to provide to me, through the bailiff at this time, the copy that you have originally, unless you have notes on it. If you have notes on it, would you please raise your hand.

MEMBERS: [No response.]

MJ: None of you do. . . .

(Emphasis added.)

———

8. Appellant asserts that he was unfairly prejudiced as to the sentence which he received because the members, during the findings phase of his court-martial, were erroneously exposed to evidence that he indecently assaulted a second girl. He contends that "[i]t defies belief that members could simply ignore the vivid image of a sobbing teenage girl [M.S.] telling them, 'Ben Skerrett molested me.'" Final Brief at 6. Essentially, he argues that the military judge's instructions to disregard the above evidence did not eliminate the risk of undue prejudice during sen-tencing. We disagree. *United States v. Balagna,* 33 MJ 54 (CMA 1991); *United States v. Rushatz,* 31 MJ 450 (CMA 1990).

9. In *Rushatz,* this Court held that "[g]iving a curative instruction, rather than declaring a mistrial, is the preferred remedy for curing error when court members have heard inadmissible evidence, as long as the curative instruction avoids prejudice to the accused." 31 MJ at 456, *quoted with approval in United States v. Balagna, supra* at 56. Furthermore, such a procedure is preferred where "the Government has not engaged in intentional misconduct during the trial and [the military judge] concludes that an instruction will cure the potential error[.]" *United States v. Garces,* 32 MJ 345, 349 (CMA 1991), *citing United States v. Evans,* 27 MJ 34, 39 (CMA 1988). Finally, we have recognized that specific inquiries by the military judge can also eliminate the risk of prejudice by assuring that the members can disregard the excluded evidence. *See United States v. Balagna, supra* at 57; *United States v. Rushatz, supra* at 456; *United States v. Garces, supra.*

10. Appellant relies principally on two cases in support of his claim: *Government of the Virgin Islands v. Pinney,* 967 F.2d 912 (3d Cir.1992); *United States v. Fawbush,* 900 F.2d 150 (8th Cir.1990). We find these decisions inapplicable to appellant's case. First, *Pinney* involved a situation in which the trial judge gave incomplete and erroneous limiting instructions regarding use of evidence admitted under Fed.R.Evid. 404 ("other-crime evidence"). The Third Circuit was not "confident that the members of the jury were able to follow the instructions of the court[.]" *Id.* at 918. The Eighth Circuit's reversal in *Fawbush* was based on inadmissibility of the challenged evidence under Fed.R.Evid. 404. Hence, the instruction on its limited use was determined to be erroneous and prejudicial to Fawbush. The instructions in appellant's case, however, were far from incomplete or confusing or erroneous, and the military judge unequivocally instructed the members to completely disregard the testimony of M.S. and her mother. *Cf. United States v. Gibson,* 39 MJ 319 (CMA 1994). According-

ly, neither *Pinney* nor *Fawbush* dictates reversal of appellant's sentence.

11. As noted above, the military judge immediately issued a lengthy curative instruction to the members. Upon granting the defense motion for a finding of not guilty to the specification of committing indecent acts with M.S., the military judge firmly admonished the members to "absolutely disregard" the testimony of both M.S. and her mother. Furthermore, the military judge asked three specific questions of each member designed to determine whether the excluded testimony would be disregarded. Each member assured the military judge that the testimony would not influence their consideration of the remaining specifications. In addition, prior to deliberations on sentencing, the military judge again instructed the members to disregard the testimony. Finally, we note that the complained-of evidence was not introduced through any misconduct by the Government. The military judge initially denied the defense's statute-of-limitations motion because of confusion over the date of the offense, and the Government properly proceeded to the merits of its case. *See* RCM 907(b)(2)(B), Discussion, Manual for Courts–Martial, United States, 1984. In these circumstances, we hold that appellant was not prejudiced by the military judge's decision to give curative instructions and proceed with this court-martial. *Cf. United States v. Gibson, supra.*

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.