# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist GARETH A. DRUMMOND**
**United States Army, Appellant**

ARMY 20110400

Seventh U.S. Army Joint Multinational Training Command
Jeffery Nance and Wendy P. Daknis, Military Judges
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate (pretrial)
Lieutenant Colonel David E. Mendelson, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA: Major Richard E. Gorini, JA; Captain James S. Trieschmann, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

22 July 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A panel composed of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of disobeying a superior commissioned officer, one specification of stalking, one specification of communicating a threat, and two specifications of indecent language, in violation of Articles 90, 120a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920a, 934 (2006) [hereinafter UCMJ]. Pursuant to his plea, the military judge convicted appellant of assault in violation of Article 128, UCMJ, 10 U.S.C. § 928. The panel sentenced appellant to a bad-conduct discharge, confinement for twenty-eight months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

DRUMMOND – ARMY 20110400

This case is before us for review under Article 66, UCMJ. Appellate counsel raised one issue to this court and appellant personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). We find the issue raised by appellate counsel merits discussion and relief. The matters personally raised by appellant are without merit.

Appellant asks this court to dismiss Specifications 3, 4, and 5 of Charge V because "[t]here is clear evidence that the convening authority accepted the SJA's advice" to dismiss the specifications because they failed to state an offense under *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), but the convening authority's action did not reflect that dismissal. The government agrees and also requests this court dismiss the relevant specifications.

On 9 November 2011, appellant submitted matters to the convening authority pursuant to Rules for Courts-Martial [hereinafter R.C.M] 1105 and 1106. As part of his request for clemency, appellant, through counsel, requested the convening authority dismiss Specifications 3, 4, and 5 of Charge V because the specifications failed to state an offense under *Fosler*. In the second addendum to his post-trial recommendation, the staff judge advocate (SJA) advised the convening authority the Article 134, UCMJ, specifications failed to include the terminal elements of the offense and recommended they be dismissed for failing to state an offense. He also recommended the convening authority "reassess the sentence using the principles of *United States v. Reed*, 33 M.J. 98, 99-100 (C.M.A. 1991), *United States v. Sales*, 22 M.J. 305, and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006)." In light of the reassessment, the SJA recommended the convening authority approve only twenty-four months of confinement but approve the remainder of the adjudged sentence. Finally, the SJA advised the convening authority that if the recommendations were approved, the action would read:

> In the case of Specialist Gareth A. Drummond . . . only so
> much of the sentence extending to reduction to the grade
> of Private (E-1), forfeiture of all pay and allowances,
> confinement for twenty-four (24) months and a Bad-
> Conduct Discharge is approved . . . .

The recommended action did not disapprove any findings of guilty. The convening authority subsequently signed a memorandum stating ". . . the recommendation of the staff judge advocate is approved." However, the convening authority's action only reflected the language set forth in the SJA's addendum and did not specifically address the dismissal of Specifications 3, 4, and 5 of Charge V.

Here, the action failed to effectuate the convening authority's clear intent. *See United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988) (ordinarily an erroneous

action requires remand to the convening authority for a new action). However, it is clear the convening authority agreed with the recommendation of the SJA and intended to dismiss the Article 134, UCMJ, offenses. Most notably, the convening authority signed a memorandum wherein he agreed with the recommendation of the SJA and he subsequently reduced appellant's sentence to confinement by four months–the exact number recommended by the SJA for the legal error. Additionally, "in the absence of contrary evidence, a convening authority who does not expressly address findings in the action impliedly acts in reliance on the statutorily required recommendation of the SJA and thus effectively purports to approve implicitly the findings as reported to the convening authority by the SJA." *United States v. Diaz*, 40 M.J. 334, 337 (C.M.A. 1994). Accordingly, we find dismissing "the problematic findings . . . cannot in any way prejudice appellant and will adequately vindicate the interests of military justice in these proceedings" *Diaz*, 40 M.J. at 345.

## CONCLUSION

Upon consideration of the entire record, submissions by the parties, and those matters personally raised by appellant pursuant to *Grostefon,* the findings of guilty of Specifications 3, 4, and 5 of Charge V and Charge V are set aside and those specifications and Charge V are dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sale*s, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F.2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* Articles 58b(c) & 75(a), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court