## McDONALD v. UNITED STATES.
### No. 8278.

United States Court of Appeals for the District of Columbia.

Decided Dec. 7, 1942.

Mr. Joseph A. McMenamin, with whom Mr. Harry T. Whelan, both of Washington, D. C., was on the brief, for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, with whom Messrs. Edward M. Curran, United States Attorney, and Allen J. Krouse, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellant and Edith Gardner were convicted of conspiracy; she upon a plea of guilty, he, following a trial by jury. On this appeal it is contended that the District Court erred in admitting in evidence certain letters, papers and documents as proof of overt acts upon the part of appellant, without first having proved that appellant took part in a conspiracy. To support this contention appellant relies upon cases which hold that the conspiracy must have been entered into before the overt act was committed;[1] that the gist of the offense is the meeting of minds for a definite criminal purpose, ripened by the doing of some overt act;[2] that guilty knowledge of the accused must be shown to connect him with the conspiracy;[3] that the intent of one cannot be imputed to another alleged conspirator who had no knowledge of the conspiracy;[4] that the evidence must show intentional participation in the conspiracy, beyond mere acquiescence,[5] or mere knowledge or sympathy;[6] that in order to convict him of conspiracy it must appear that accused knew the purpose of the conspiracy and joined with another in a single design to effect a common purpose.[7] But none of the cases support appellant's contention.[8] The logical sequence of events—from agreement in a common purpose to perpetration of an act designed to carry it out—does not require that introduction of the evidence must follow the same rigorous

---

[1] Goukler v. United States, 3 Cir., 294 F. 274, 275, 276: "The demurrer charged in substance that the count disclosed one completed transaction and that, accordingly, it failed to show that conspiracy preceded the overt act. This proposition is fundamental and, if sustained in fact, the count is bad. * * * Here the count charged conspiracy on the 16th day of November, 1922, and it charged that the overt act, though committed on the same day, was committed 'afterwards.' We are of opinion that the indictment is good."

[2] Sprague v. Aderholt, D.C.N.D.Ga., 45 F.2d 790.

[3] Stirlen v. United States, 7 Cir., 183 F. 302, certiorari denied, 220 U.S. 617, 31 S.Ct. 721, 55 L.Ed. 611.

[4] Miller v. United States, 8 Cir., 133 F. 337, 353.

[5] Jianole v. United States, 8 Cir., 299 F. 496, 498.

[6] McDaniel v. United States, 5 Cir., 24 F.2d 303.

[7] Marino v. United States, 9 Cir., 91 F.2d 691, 694, 113 A.L.R. 975, certiorari denied, Gullo v. United States, 302 U. S. 764, 58 S.Ct. 410, 82 L.Ed. 593.

[8] Two cases cited by appellant in support of his contention are mere memorandum orders denying petitions for certiorari. Troutman v. United States and Young v. United States, 306 U.S. 649, 59 S.Ct. 590, 83 L.Ed. 1047, 1048.

sequence. In·fact, commission of the overt act may constitute the best proof of the conspiracy and such evidence is often used for that purpose.[9] Moreover, as we have recently held, the order in which evidence will be received is a matter largely within the discretion of the trial court.[10]

▮ Appellant's second contention is that the trial court erred, in refusing to direct a verdict of not guilty as to the count upon which appellant was convicted, because the government failed to prove appellant's participation in the conspiracy. A careful examination of the record satisfies us, however, that there was ample evidence to justify submission of the case to the jury and to support the verdict.

Affirmed.

---

[9] Fisher v. United States, 4 Cir., 2 F. 2d 843, 846, certiorari denied, 266 U.S. 629, 45 S.Ct. 128, 69 L.Ed. 476: "It hardly need be said that a conspiracy. is often proved by the overt act. The fact that two men are found together breaking into a bank is indubitable proof that they had agreed to commit the burglary."; Williamson v: United States, 207 U.S. 425, 451, 28 S.Ct. 163, 52 L.Ed. 278; Heike v. United States, 227 U.S. 131, 145, 33 S.Ct. 226, 57 L.Ed. 450; 2 Wig-more, Evidence (3d ed. 1940) § 370. See Wood v. United States, 16 Pet. [U.S.] 342, 360, 10 L.Ed. 987. Cf. Standard Oil Co. of N. J. v. United States, 221 U.S. 1, 75, 76, 31 S.Ct. 502, 55 L.Ed. 619, 34 L.R.A.,N.S., 634, Ann.Cas.1912D, 734.

[10] Hoeppel v. United States, 66 App. D.C. 71, 76, 85 F.2d 237, 242; Ercoli v. United States, decided November 9, 1942, 76 U.S.App.D.C. 360, 131 F.2d 354.