**MATZ v. UNITED STATES.**

No. 9297.

United States Court of Appeals
District of Columbia.

Argued Oct. 9, 1946.

Decided Dec. 9, 1946.

Mr. Luther R. Maddox, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., with whom Mr. Edward M. Curran, U. S. Atty. at the time brief was filed, and Mr. William Hitz, Asst. U. S. Atty., both of Washington, D. C., were on the brief for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a conviction for bigamy. A second count in the indictment charging appellant with perjury was dismissed at the conclusion of the Government's case. The bigamy count charged that appellant, Mathias Michael Matz,

married Nellie Collins in 1935 at Elkton, Maryland, and that while this marriage was still valid and subsisting, and Nellie Collins still living, the appellant, under the name of Michael A. Matz, married Sophia Dorothy Dobek in 1945 in the District of Columbia.

The substance of this appeal is that the Government did not prove the fact of the first marriage by competent and legal evidence, and that the trial court erred in admitting certain evidence and testimony to the prejudice of appellant. The Government's procedure was this: The first witness called was Nellie Collins Matz, who, out of the presence of the jury, claimed and was granted the privilege of not testifying upon the ground that she was the wife of appellant. The second witness called was a police officer assigned to the District Attorney's office. At this point the Government introduced into evidence a certified copy of an application for marriage and marriage certificate, the application signed by Mathias Matz and Nellie Collins and the marriage certificate stating that Mathias Michael Matz and Nellie Collins were married at Elkton, Maryland on March 16, 1935. The police officer then testified that in March, 1946 the appellant voluntarily appeared in his office and when shown a certificate of marriage mailed to the District Attorney's office by a Mrs. Nellie Matz, stated that he had married Nellie Matz in Elkton and was under the impression they were divorced because in some correspondence between them she had mentioned that she was going to get a divorce. The police officer further testified that when he then asked Matz why he had stated on his application for a District of Columbia marriage license that there were no previous marriages, Matz replied, "Did you ever try to get married in a Catholic Church when you are divorced?" Neither prior to nor during this discussion was the appellant advised that anything he said might be used against him and that he did not have to make a statement. The third Government witness called was Sophia Dorothy Dobek. Pursuant to a question raised

by the counsel for appellant as to the right of this witness to claim privilege as the wife of the appellant the trial court ruled that such a privilege could be claimed until the first marriage was established, and asked the prosecutor why he had not got some one to prove appellant and the first wife had lived together and identify the person. At this point a man seated in the Court Room exclaimed: "Excuse me, Your Honor, I can testify to that." This man stated that he was John Collins, father of Nellie Collins, and when called to the witness stand testified that his daughter, Nellie Collins, and the appellant lived together as husband and wife at his home for about one year, that one child was born to them while they were at his place and that they had a total of five children. He further testified that his daughter, Nellie Collins, was present in the Court House at that time. Sophia Dorothy Dobek was then re-called and compelled to testify. She stated that she and the appellant went through a marriage ceremony in the District of Columbia on December 22, 1945, and that she lived with him until February, 1946. She also testified that she had met Nellie Collins Matz, who she had thought was the appellant's sister, and that she had seen Nellie in the Court House that day.

Appellant sets forth and relies on numerous technical objections in this appeal. Analyzed and consolidated, they amount to a contention that in a criminal prosecution for bigamy the Government must prove the fact of the first marriage by an eyewitness, and that since the first marriage here was not so proven the trial court erred in compelling the second wife to testify this we reject. The degree of proof required in a criminal trial to establish a marriage, which, when proven, invalidates a subsequent marriage, is higher than that required in a civil action. But we will not hold that it can be proven only by an eyewitness of the ceremony. Death and varying local marriage laws make such a mode of proof uncertain. We follow what we understand the rule of the Supreme Court[1] to be that such a mar-

---

1 Miles v. United States, 103 U.S. 304, 311, 26 L.Ed. 481.

riage might be proven like any other fact, by the admissions of the defendant, or by circumstantial evidence.

Thus, we turn to the evidence offered by the Government to prove the first marriage, and to the appellant's objections concerning it.

■ Appellant objected to the introduction of the Elkton marriage certificate as premature, in that he had not in any way been connected with it. The admission of the certificate at this time rested within the discretion of the trial court.[2] Since the identification was properly made during the testimony of the police officer, its admissibility was established and there was no occasion to have it stricken from the record.

■■ This same authority controls appellant's contention that the admissions made to the police officer should not have been admitted by the trial court until evidence of the corpus delicti had been introduced. The order of the evidence is controlled by the trial court, and such control was rightly exercised here. And it was not required that appellant be advised that anything he said might be used against him and that he need not make a statement before such admissions are admissible.[3] Appellant voluntarily entered the office of the police officer and voluntarily made the responses in answer to questions asked of him by the police officer.

■ Appellant's objection to the trial court's allowing John Collins to testify after he had remained in the Court Room while all other witnesses had been excluded also points to the exercise of discretion by the trial court. Under the circumstances, the trial court had every reason to rule that Collins might testify.[4]

■ We come now to the question of whether the trial court erred in compelling Sophia Dorothy Dobek, the second wife, to testify. In objecting to this, the appellant once again questioned the correctness of the trial court's employment of judgment. The theory on which a second wife is compelled to testify in a bigamy trial is that she is not legally the wife of the defendant once it is established that he has a lawful wife still living. The competency of Sophia Dorothy Dobek as a witness thus rested on this point. This was a question to be determined solely by the court. It was for him to decide whether the first marriage was established by the proof offered to his satisfaction.[5] He had before him for consideration the Elkton marriage certificate, the testimony of the police officer as to the appellant's admissions directed toward that marriage certificate, and the testimony of John Collins that appellant and Nellie Collins had exhibited to him a marriage certificate and had lived together as husband and wife. We do not think he erred in the exercise of his judgment.

We have carefully studied the many other technical objections raised by the appellant and find them to be without merit.

Affirmed.

[2] Ercoli v. United States, 76 U.S.App. D.C. 360, 131 F.2d 354; McDonald v. United States, 77 U.S.App.D.C. 33, 133 F.2d 23.

[3] Morton v. United States, 79 U.S.App. D.C. 329, 147 F.2d 28, cert. den. 324 U.S. 875, 65 S.Ct. 1015, 89 L.Ed. 1428; Ercoli v. United States, supra; Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318.

[4] Laney v. United States, 54 App.D.C. 56, 294 F. 412; Raarup v. United States, 5 Cir., 23 F.2d 547, cert. den. 277 U.S. 576, 48 S.Ct. 559, 72 L.Ed. 996.

[5] Miles v. United States, supra.