Joseph Gartner SAN FRATELLO,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21098.

United States Court of Appeals
Fifth Circuit.

April 13, 1965.

Joseph P. Manners, Miami, Fla., for appellant.

Thomas J. Hanlon, III, Asst. U. S. Atty., Miami, Fla., William A. Meadows, Jr., U. S. Atty., Edward F. Boardman, Sp. Asst. U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and BREWSTER, District Judge.

## MOTION FOR REHEARING

BREWSTER, District Judge:

All matters contained in the government's motion for rehearing were before the court and carefully considered on original submission. The chief complaint in the motion that this case is not distinguishable from Namet v. United States, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278, will be briefly noticed only because Namet is the Supreme Court case claimed by the government to be most nearly in point. No specific effort was made in the original opinion to point out the features of Namet that distinguished it from this case, because it was felt that the distinctions were · readily apparent from a comparison of the respective opinions on their face. Some of the more important distinctions are:

1. In Namet, there was no possible indication that the government called the two witnesses in question in "a conscious and flagrant attempt to build its case out of inferences arising from use of the testimonial privilege." 373 U.S. at 186, 83 S.Ct. at 1154, 10 L.Ed.2d at 283. In that case, "the prosecutor initially did not believe that the Kahns could properly invoke their privilege against self-incrimination, reasoning with some justification that their plea of guilty to the gambling charge would erase any testimonial privileges as to that conduct. His view of the law was supported by substantial authority." The trial court allowed the claims of privilege to only four questions in a lengthy examination of the two witnesses. In the present case, the conclusion is inescapable that the prosecution called the appellant's wife for the sole and only purpose of gaining an advantage in the eyes of the jury from her refusal to testify. It is difficult to envision any justification for ever calling a spouse of any accused to testify against him when he is objecting to it; but any genuine doubt about the availability of such testimony to the prosecution can always be settled by a preliminary interrogation of the witness under oath *in the absence of the jury.*

2. The circumstances in Namet were not such that inferences from the witnesses' refusal to answer "added critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly prejudiced the defendant." 373 U.S. at 187, 83 S.Ct. at 1155, 10 L. Ed.2d at 284. There was nothing about that case that removed the witnesses in question from the classification of "ordinary" witnesses used by some of the authorities cited in our original opinion. The few invocations of privilege were "minimized by the lengthy nonprivileged testimony which the Kahns gave." 373 U.S. at 189, 83 S.Ct. at 1156, 10 L.Ed.2d at 285. In this case, the witness in question was the wife of the appellant called by the prosecution in the face of the long established principle that courts have always frowned on the practice of compelling a spouse of an accused to claim testimonial privilege in the presence of the jury. The only testimony she gave to offset her claim that it would incriminate her even to admit she was married to the appellant, or that she picked up the pictures for him, was that relating to her name and address. It was not necessary, as claimed by the prosecution, to follow the kind of drama here involved with a spellbinding argument reminding the jury of the claim of privilege before irreparable injury resulted to the appellant.

3. In Namet, counsel not only failed to object on behalf of the defendant, but acquiesced in much of the procedure later attacked on appeal. The appellant here strenuously objected in advance to his wife even being called in the presence of the jury.

The motion for rehearing is overruled.