**UNITED STATES of America, Appellee,**

v.

**James Prezzli BARNES, Jr., Appellant.**

**No. 10427.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1966.

Decided Oct. 27, 1966.

Robert E. Kneece, Columbia, S. C. (Court-appointed counsel), for appellant.

Marvin L. Smith, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., and Charles S. Porter, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

In this appeal from a conviction upon a charge of interstate transportation of a stolen automobile, the defendant complains that one Mildred Braswell was compelled to testify as a Government witness over his objection that she was his common law wife. The District Judge suspended the proceedings when the objection was made to inquire, in the absence of the jury, into the relationship between the defendant and the witness. Afterwards, the Court found that there was no common law marriage; the jury was returned, and the witness testified.

We affirm.

The testimony taken in the absence of the jury disclosed that the defendant and the witness had entered into a meretricious relationship. At the time, at least one of the parties, the witness, was married, as the defendant knew. She testified that, approximately a month before the arrest, she was informed that her husband had obtained a divorce, and she stated that she had intended to enter into a ceremonial marriage with the defendant when she was certain that she was

legally free to do so. No such marriage had been celebrated, however, and there was no testimony of any new mutual understanding between the parties or change in their relationship after the unconfirmed report of the husband's divorce.

 If it may be said that the testimony might support an inference of a common law marriage relationship between the witness and the defendant, it abundantly warrants the inference that there was none and that the relationship remained a meretricious one up to the date of the arrest and the subsequent trial.

The question of the competence of the witness, of course, was for the Court and not for the jury. Matz v. United States, 81 U.S.App.D.C. 326, 158 F.2d 190; San Fratello v. United States, 5 Cir., 343 F.2d 711.

Affirmed.