Philip POWERS and Martha Powers,
Appellants,

v.

CITY OF DUBUQUE, Iowa, a Municipal
Corporation, Appellee.

No. 53877.

Supreme Court of Iowa.

April 7, 1970.

Michael A. Stapleton, of Klauer, Stapleton, Ernst, Sprengelmeyer & Schrup, Dubuque, for appellants.

R. N. Russo, Dubuque, for appellee.

REES, Justice.

The appellants are husband and wife, and are the owners of a lot containing some 50 to 55 acres located in the westerly end of the city of Dubuque and within the city limits, having been annexed to the city by two separate annexation proceedings in 1952 and 1961.

In order to assist in visualizing the tract, an exhibit introduced as a part of the plaintiffs' case in the trial court, reduced in size, is set out here.

EXHIBIT "A"

[A1710]

The lot in question is identified as "Lot 1 of Powers Place", and lies generally southeasterly of the intersection of John F. Kennedy Road and Asbury Road, being bounded on the west by John F. Kennedy Road, a 4-lane limited access highway which intersects Asbury Road at the northerly tip of Lot 2 of Powers Place. Asbury Road runs in a generally northwesterly-southeasterly direction.

As is shown on the accompanying plat, Lot 2 of the subdivision of Powers Place is readily identifiable. It was sold by appellants in 1964 on a contract to a Dubuque bank. The remainder of the appellants' property upon which they reside is the acreage identified in the accompanying plat as Lot 1 of the subdivision of Powers Place. On or about February 14, 1966, appellee City of Dubuque instituted condemnation proceedings for the taking of a tract which is distinguishable on the accompanying plat, the same being a rectangular shaped lot abutting John F. Kennedy Road, having easterly-westerly dimensions of 197 feet and north-south dimensions of 165 feet, the intended use being for a fire station. The condemnation appraisers selected by the sheriff of Dubuque county assessed the appellants' damages for the partial taking in the amount of $13,200.00. Appeal was taken to the district court of Dubuque county, by appellants, and at the close of the plaintiffs' case the court sustained appellee's motion to direct verdict and subsequently overruled appellant's motion for a new trial. From such rulings the plaintiffs appeal. We affirm the trial court.

For many years the appellants utilized the area embraced in Lots 1 and 2 of the subdivision of Powers Place, along with other lands, in a farming operation, but in recent years because of their advanced age, physical disabilities and the encroachment of the city, have reduced or almost completely stopped their farming operations. The topography of the area is generally level from the northerly extremity of the property to a point roughly 50 feet south of the lot which is the subject of the condemnation proceedings here and then falls away or slopes to the south.

After the sale of the tract identified as Lot 2 of Powers Place to the bank, Lot 2 was rezoned for commercial use and after the annexations referred to above the balance of the Powers' property, Lot 1, was zoned for single family residential purposes. The record indicates a reasonable possibility of a change in zoning for at least a portion of the area embraced in Lot 1, specifically those portions which abut John F. Kennedy Road. Two sanitary sewers serve Lot 1, but they are available only for the northerly portion of the lot where the dwelling of the appellants is situated one sewer lies along Asbury Road and serves the appellants' dwelling; the other extends along John F. Kennedy Road and serves an area from the north to a point about 50 or 75 feet south of the south line of the fire station. The record further indicates that the absence of sanitary sewers serving the area has been a significant factor in the lack of development of appellants' lands.

In initiating their appeal in the district court, the appellants represented and alleged in their petition their ownership of the premises identified as Lot 1 of the subdivision of Powers Place, the proposed taking of the rectangular tract 165 feet by 197 feet in dimension abutting on the east side of John F. Kennedy Road from Lot 1, and that they had been damaged by the taking in the sum of $35,000.00. They alleged essentially a diminution of value of the remaining tract, specifying several elements of damage. In addition to the appellant Philip Powers, two other witnesses were called by the plaintiff, who testified with regard to claimed comparable sales in the general area of the appellants' property, and their opinions as to the highest and best use to which the property might reasonably be put. Neither the appellant Philip Powers nor his value witnesses ventured any opinion or sought to testify as to the value of the entire tract before the taking by the City or the value of the remainder thereafter. Counsel for the appellant, both by

propounding direct questions to the value witnesses and by offer of proof made in the absence of the jury, attempted to establish a theory that the taking of the subject land and resultant damages to the appellant occasioned thereby, could be related only to the northerly portion of Lot 1, that is to say, the portion lying south of the south line of Lot 2 to a point proximate to the south line of the fire station property. He moved to amend his pleadings to conform to the proof in this regard, to which counsel for the appellee City objected, and the court overruled appellants' motion to so amend to conform to proof. No error is assigned by appellants from the court's ruling on the motion to conform to proof, but we observe that had the court sustained the motion, and had plaintiffs amended to conform the pleadings to the proof, no purpose would have been served, as the rule on measure of damages hereinafter discussed would still attend.

I. In their first assigned error the appellants urge that the trial court erred in dismissing the case at the close of plaintiffs' evidence on the basis that insufficient evidence was adduced by the appellants to allow the jury to determine the damages arising out of the taking of their land for public purposes. Appellants strenuously insist that in the case of a partial taking the question as to what tract or parcel is damaged is a question of fact for the jury. They argue that the record contains sufficient evidence to send this issue to the jury, contending that proof having been laid before the jury of damage resulting from the taking to a portion of Lot 1 that the jury should have been permitted to determine as a matter of fact whether or not the entire area embraced in Lot 1 had been damaged, or if in fact damage had resulted to only the northerly portion thereof. The correct measure of damages in a partial taking is the difference between the fair market value of the entire tract immediately before and immediately after the condemnation without regard to resultant

benefit or betterment. Martinson v. Iowa State Highway Commission, 257 Iowa 687, 690, 134 N.W.2d 340, 342; Hall v. City of West Des Moines, 245 Iowa 458, 464, 62 N.W.2d 734, 737; Nedrow v. Michigan-Wisconsin Pipeline Co., 245 Iowa 763, 769, 61 N.W.2d 687, 690; Jones v. Iowa State Highway Commission, 259 Iowa 616, 621, 622, 144 N.W.2d 277, 280, 281. This court has held that in determining value and damage an entire tract of land used as a single unit cannot be divided into separate parcels with each parcel being valued separately and the separate values added together to measure damage to the entire tract. Welton v. Iowa State Highway Commission, 211 Iowa 625, 632, 233 N.W. 876, 881; Bellew v. Iowa State Highway Commission, Iowa, 171 N.W.2d 284, 292. In this case, Lot 1 of Powers Place had been and was at the time of trial, used in its entirety as farmland. No evidence as to the value of the entire tract before and after the taking was introduced or sought to be introduced by the appellants although they pleaded damage to the entire tract. The record does not indicate any substantial factors that divide the area alleged by appellants to have been damaged from the remainder, except the testimony to the effect that the northerly end of Lot 1 is high, or tableland, and that the balance of the lot shades off or falls away in a slope to the south. The appellants place heavy reliance on Haines v. St. Louis, Des Moines & N. Ry. Co., 65 Iowa 216, 21 N.W. 573. The Haines case involved a partial taking; the court held in that case that the extent of the area damaged by the taking was a question of fact for the jury. In the Haines case the plaintiff owned a tract of land lying partly within and partly without the city limits of Des Moines, and the entire tract was divided by a railroad running east and west through it. Part of the land was adaptable for use as a suburban residential district, and the other part was used as farmland. The land sought to be condemned for road purposes ran parallel to the railroad in the residential tract, and the plaintiffs sought

to recover damages for the entire tract, but the court held because of the proof of difference in use and the clear division of the land, the plaintiff should be permitted to show damages only to the residential sector, holding that because of the clearly different uses the two sectors could not be considered as constituting one entire property. The Haines case is factually distinguishable from the facts in this case; in Haines the land was divided by the railroad and by its location half in and half outside of the city of Des Moines. In the case before us there is no substantial distinction in the area alleged by appellants to be damaged from the balance of Lot 1, although it is true that no sewer serves the southerly portion of Lot 1, and that topographically the land slopes to the south from the south end of the fire station property. We conclude that these factors do not approximate the factual situation in the Haines case.

The case of Doud v. Mason City and Ft. D. Ry. Co., 76 Iowa 438, 443, 41 N.W. 65, 67, more closely parallels the Powers' situation. In that case the court refused a requested instruction based on the Haines case, and distinguished that case saying, "It does not appear that any division of the land has been contemplated by plaintiff, *nor that such a division is necessary.* (emphasis added). The land has been treated as an entirety and, while different portions might be devoted with greatest advantage to different purposes yet that has not been done and plaintiff was entitled to have the entire tract considered in the assessment of damages." The Doud case involved farmland, a portion of which was bottomland and a portion of which was upland. So, while there were topographical differences, the court still treated the land as one tract.

Because of the total lack of evidence as to the value of the entire tract embraced in Lot 1 of approximately 50 to 55 acres, either before or after the taking for the fire station, the trial court's ruling in sustaining the appellee's motion to dismiss was obviously correct. There was no evidence upon which a jury could have determined damages to the entire tract, in accord with our well settled rule as to measure of damages.

II. Appellants' second assigned error is that the trial court erred in failing to grant plaintiffs a new trial. In their motion for a new trial, the appellants merely reiterated their theory of the case with respect to measure of damages, which we have above held was correctly rejected by the trial court in its ruling on the appellee's motion to dismiss. We are reluctant generally to overturn a decision of the trial court in ruling on motions for new trials because of the considerable discretion permitted. Where a trial jury has failed to administer substantial justice a new trial may be granted. Smith v. Ullerich, 259 Iowa 797, 145 N.W.2d 1. A new trial might be ordered in event the trial court concluded justice has not been done although the error that is the basis for such a ruling need not rise to the level of reversal error. Coulthard v. Keenan, 256 Iowa 890, 898, 129 N.W.2d 597, 602; Smith v. Ullerich, supra. We cannot conclude the trial court abused its discretion in overruling appellants' motion for new trial.

The orders of the trial court sustaining appellee's motion to dismiss and overruling appellants' motion for new trial are affirmed.

Affirmed.

All Justices concur, except UHLENHOPP, J., who takes no part.