Lee LUICK, Appellee,

v.

William ALBERTSON and Harold Albertson, Appellants.

No. 55643.

Supreme Court of Iowa.

March 27, 1974.

William Pappas, Mason City, for appellants.

Boyle, Schuler & Oltrogge, Clear Lake, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of the grant of a new trial by the trial court.

Plaintiff Lee Luick sued defendants William and Harold Albertson for damages for personal injuries which he sustained when he fell down some steps. He alleged that Albertsons negligently permitted the steps to be in disrepair. Albertsons denied negligence on their part and averred that Luick's own negligence caused the fall.

In such cases, the injured person formerly had the burden of proving that he was free from negligence which contributed in any manner or to any degree to his injuries, but at the time of this occurrence and trial, the defendants had the burden of proving that the injured person's negligence was a proximate cause of the injuries. Code 1973, § 619.17; Bradt v. Grell Constr., Inc., 161 N.W.2d 336 (Iowa).

The parties tried the case to a jury. In instruction 9, the court properly placed the burden of proof on Albertsons to establish that Luick was negligent and that such negligence was a proximate cause of the damages he claimed. But then in instruction 12, the court, reverting to former law, stated that Luick had to prove his freedom from negligence. The court also stated in instruction 12 that if negligence on Luick's part "contributed in any manner or to any degree directly to the injury of which he complains then this would constitute contributory negligence and would bar his right to recover against the defendants." Apparently the trial court followed a form of instruction which was in use before the change in the law.

Neither the trial court nor the parties noticed the conflict in the instructions, and Luick did not except to instruction 12.

The jury returned a verdict for Albertsons. Luick then discovered the conflict in the instructions and moved for a new trial. The trial court sustained the motion, holding that the error denied Luick a fair trial.

Whether the fall resulted from Luick's own negligence was a hotly contested issue in the trial. Instruction 12, which specifically dealt with that issue, was erroneous and was in conflict with instruction 9. Under such circumstances the trial court acted within his discretion in granting a new trial, notwithstanding Luick's failure to except to instruction 12. Erickson v. Thompson, 257 Iowa 781, 135 N.W. 2d 107; Coulthard v. Keenan, 256 Iowa 890, 129 N.W.2d 597; Coleman v. Brower Constr. Co., 254 Iowa 724, 119 N.W.2d 256; rule 344(f)(3) and (4), Rules of Civil Procedure.

Affirmed.