STATE of Iowa, Appellee,

v.

Leonard H. ARNOLD, Appellant.

No. 57431.

Supreme Court of Iowa.

Jan. 22, 1975.

John R. Hearn, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for burglary in violation of Code § 708.1. He contends the trial court erred in overruling his challenge to the competency of a witness and in sustaining the State's objections to his offers of an exhibit. We hold the court did not err in these rulings and affirm.

I. A key witness for the State at trial was Darla Maureen Hill, an alleged accomplice in the offense charged. Defendant made a timely attack on her competency as a witness against him on the ground she was his common-law wife. With exceptions not applicable here, neither spouse may be a witness against the other. § 622.7, The Code; State'v. Levy, 160 N.W.2d 460 (Iowa 1968).

The State alleged the witness and defendant were not married. Evidence on the issue was taken out of the presence of the jury on two occasions. The trial court found defendant did not prove the marriage, and Ms. Hill was permitted to testify against him.

He contends the trial court erred in finding he did not prove the marriage.

The trial court was confronted with a preliminary question of fact upon which depended the admissibility of the Hill testimony. Evidence bearing on that question was properly taken out of the presence of the jury. Matz v. United States, 81 U.S. App.D.C. 326, 158 F.2d 190 (1946); State v. Riley, 83 Idaho 346, 362 P.2d 1075 (1961); Wilson v. State, 204 Miss. 111, 37 So.2d 19 (1948); 9 Wigmore on Evidence, § 2550; McCormick, Law of Evidence, § 53 at 121 (Second Ed. 1972). In that proceeding the burden of proof was properly placed on defendant, the party alleging the marital relationship. In re Estate of Fisher, 176 N.W.2d 801, 804 (Iowa 1970); 3 Jones on Evidence, § 20.52 at 715–716 (Sixth Ed. 1972).

After hearing the evidence regarding the existence of a marital relationship, the trial court found the evidence insufficient to prove the marriage. The trial court's findings of fact in a law action have effect of a jury verdict. See Farmers Insurance Group v. Merryweather, 214 N.W.2d 184, 186 (Iowa 1974). Defendant could prevail on this assignment of error only if we found he proved the marriage as a matter of law.

The proof necessary to establish a common-law marriage is discussed in In re Estate of Fisher, supra, and that discussion need not be repeated here except to note an

intent to be married is required. Ms. Hill testified she did not intend her relationship with defendant to be a marriage. Defendant offered testimony from which the court could have found she did. Ms. Hill denied many of the events relied on by defendant. The trial court was not required to accept defendant's version. Reasonable minds might draw different inferences from the evidence. The issue was one of fact; defendant did not prove the marriage as a matter of law.

 Since defendant did not prove the marriage as a matter of law, we have no basis to interfere with the trial court's finding on that issue. Defendant has not shown the court erred in overruling his objection to the competency of the witness.

II. On two occasions during the hearings on the marriage issue defense counsel offered a purported marriage certificate bearing the names of Ms. Hill and defendant into evidence. On each occasion the trial court sustained objections by the State.

Defendant contends these rulings were wrong. He acknowledges the certificate was not a valid marriage certificate, but argues it was an instrument executed by Ms. Hill and defendant to evidence their intent to be married, and thus had probative value on that issue.

At trial Ms. Hill denied knowledge of the document. At first defendant attempted to establish its authenticity. The trial court twice sustained the State's objections to offers of the exhibit on the ground its authenticity as a marriage certificate had not been established. Subsequently, defendant testified he had the instrument prepared to prove he and Ms. Hill "had been going as husband and wife." He did not reoffer the exhibit, and he did not alert the trial court to his present theory of admissibility at any time during the trial.

When evidence which is apparently inadmissible is offered for a limited purpose, the party offering it has the duty to alert the court to his theory of admissibility. Lemke v. Mueller, 166 N.W.2d 860, 871 (Iowa 1969). That principle is applicable here. Having failed in this obligation, defendant cannot predicate reversible error on the court's rulings. We do not decide whether those rulings would have been correct if defendant had alerted the trial court to his present theory of admissibility.

We find no reversible error.

Affirmed.