STATE of Iowa, Appellee,

v.

Marvin A. JANSSEN, Appellant.

No. 58960.

Supreme Court of Iowa.

Nov. 17, 1976.

Thomas M. Donahue and Morris C. Hurd, Ida Grove, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle, IV, Asst. Atty. Gen., and James L. McDonald, County Atty., for appellee.

Heard by MOORE, C. J., MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for operating a motor vehicle under the influence of an alcoholic beverage in violation of § 321.281, The Code. He contends the trial court erred in receiving evidence of a breath test and in instructing the jury regarding the test. We affirm.

Defendant was arrested and charged on June 14, 1975, with operating a motor vehicle south of Cherokee in Cherokee County at about 6:00 p. m. that day while under the influence of an alcoholic beverage. The arresting highway patrol officer took defendant to the Cherokee police station. There he asked defendant orally if he would submit to a blood test, and defendant refused. The officer then asked defendant in writing if he would submit to a breath test, and defendant agreed. The officer gave defendant the test. Analysis showed the breath sample contained an alcohol level corresponding to blood alcohol of 21 one hundredths of one percentum by weight.

At trial, defendant objected to admission of the breath test request form and the breath test result. He excepted to the court's instruction, based on Code § 321.281, informing the jury that a blood alcohol level of more than 10 one hundredths of one percentum by weight is presumptive evidence that the individual is under the influence of an alcoholic beverage. Defendant's objections and exception were overruled, and he assigns the trial court's rulings as error.

I. *The breath test.* The written breath test request form and the breath test result were received in evidence over objections by defendant. He objected to admission of the request form and test results because the officer did not first request in writing that he submit to a blood test. He also objected to the test result on the ground the officer testified at one point that the breath test collection device was ready to be used when its red warm-up light came on rather than when it went off.

A. *The deficient request for blood test.* Defendant's objection based on the failure of the officer to request a blood test in writing before requesting the breath test ignores an amendment to § 321B.3, The Code, effective July 1, 1974. Under the statute before it was amended, a breath test or other chemical test could not be requested unless a blood test was first requested in writing and refused. § 321B.3, The Code, 1973; *State v. Jensen,* 216 N.W.2d 369, 372 (Iowa 1974); *Rodriguez v. Fulton,* 190 N.W.2d 417 (Iowa 1971). The amendment to the statute eliminated the necessity of a written request for and refusal of a blood test as a prerequisite to a request for a different chemical test. As amended, the section gives the peace officer

the option to determine which chemical test to request. It provides, "The peace officer shall determine which of the four substances, breath, blood, saliva, or urine, shall be tested." § 321B.3, The Code.

■ In this case, the relevant events occurred after July 1, 1974, and the amended statute was applicable. Although the request for blood test was not in proper form because not in writing, a proper request for and refusal of blood test was not a condition precedent to the officer's request that the defendant submit to another chemical test. Therefore, the deficiency in the request for blood test did not affect the officer's right to request a breath test.

The trial court did not err in overruling defendant's objection to admission of the breath test request form and breath test result on this ground.

B. *Operation of the collection device.* During direct examination, in describing the operation of the breath collection device, the officer said the unit takes some time to warm up. He said a red light comes on when it is sufficiently warmed up. Defendant subsequently objected to admission of the breath test result in part because the officer did not wait until the red light went off before using the device, as provided in department of public safety rules. The trial court sustained the objection.

The breath collection device used in this case was an indium encapsulation breath crimper, approved by the commissioner of public safety as required in § 321B.4, The Code. Iowa Departmental Rules, Public Safety Department, § 12.1 (1973); cf. Iowa Administrative Code, Public Safety Department, § 3.13(2). A red light on the approved device goes on when the device, after assembly, is plugged into an electrical source. The rules provide that the mechanism is not ready for use until the red light goes off.

On further redirect examination, the officer said he did not recall testifying that the device was ready when the red light came on. He said he did in fact wait until the red light went off before administering the test to defendant. The State then asked the trial court to reconsider its ruling excluding the breath test result. The court did so, and overruled defendant's objection.

■ The purpose of requiring an objection to foundation to be specific is to alert the court to the question raised and, when the objection is sustained, to enable opposing counsel to take proper corrective measures to remedy the defect if possible. *State v. Buckner,* 214 N.W.2d 164, 168 (Iowa 1974). Here, after defendant's specific objection was sustained, the State sought to remedy the defect by offering additional testimony by the officer which was inconsistent with his prior testimony. Defendant argues this additional testimony did not cure the defect.

■ The inconsistency in the officer's testimony raised an issue of fact as to whether he followed prescribed procedure in administering the breath test. A preliminary question of fact arising on an objection ordinarily must be decided by the trial court in ruling on the objection. *State v. Arnold,* 225 N.W.2d 120, 121 (Iowa 1975), and citations; rule 104(a), Uniform Rules of Evidence. In changing its ruling on admissibility of the breath test result in this case, the trial court necessarily found that the State repaired the foundation for the evidence through the officer's subsequent testimony that he waited until the red light on the device went off before administering the test. The officer's additional testimony provides substantial support for this finding. Therefore, we have no basis to interfere with the ruling. *State v. Arnold,* supra.

The trial court did not err in overruling defendant's objection on this ground.

■ II. *The instruction.* Defendant makes the same constitutional due process attack on the instruction and Code § 321.-281 regarding use of the breath test result as presumptive evidence as was made in *State v. Winquist,* 247 N.W.2d 256 (Iowa 1976), filed separately this date. We find

his contention here to be without merit for the same reasons.

AFFIRMED.