Irving J. WIRTANEN, Administrator of the Estate of Steven J. Wirtanen, Deceased, Appellant,

v.

Michael PROVIN and David White, d/b/a White Trucking Company, Appellees.

David WHITE, d/b/a White Trucking Company, Cross-petitioner,

v.

Lyle WANDLING, as Administrator of the Estate of Fred Wandling, Appellee.

No. 63312.

Supreme Court of Iowa.

June 18, 1980.

Elwood & Elwood, North English, for appellant.

William Pappas, Mason City, and Garold F. Heslinga, Oskaloosa, for appellees Provin and White.

Robert J. Spayde, H. S. Life and Patrick J. Life, Oskaloosa, for appellee Wandling.

Considered by REES, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

McGIVERIN, Justice.

Steven J. Wirtanen was killed in an auto-truck collision. The administrator of his estate, Irving J. Wirtanen, brought a wrongful death action which resulted in a jury verdict and judgment thereon adverse to plaintiff. His appeal involves several problems that arose during and after the trial, including the issue of whether we have jurisdiction of this appeal. We conclude we have jurisdiction and affirm the trial court.

The following issues are presented for our review:

1. Whether we have jurisdiction to entertain this appeal;

2. Whether the trial court correctly overruled plaintiff's objections to testimony of defendants' expert witnesses;

3. Whether a new trial should be granted because an allegedly erroneous written accident report was admitted in evidence and considered by the jury;

4. Whether the jury verdict for defendants was sustained by sufficient evidence; and

5. Whether a new trial should have been granted on the basis of jury misconduct.

The accident occurred on September 16, 1976, on blacktop county road V–66 near Interstate 80 in Iowa County. Steven was a passenger in a Volkswagen car that was being driven in a southerly direction by Fred Wandling, who was also killed in the accident. The Wandling car collided with a truck tractor-trailer, which was being driven by defendant Michael Provin and was owned by defendant David White, d/b/a White Trucking Company. The truck had been traveling north and was slowly turning left into a gasoline station at the time of impact.

At trial the court submitted to the jury plaintiff's negligence action against defendants Provin and White, as well as defendant White's cross-petition for indemnity and contribution against Lyle Wandling, administrator of Fred's estate, for any judgment plaintiff might obtain against White. White's cross-petition alleged recklessness by Fred Wandling in the operation of the car in which plaintiff was riding.

Other facts will be stated later as necessary for consideration of the issues presented.

I. *Jurisdiction of this appeal.* As a preliminary matter, we must consider whether we have jurisdiction of this appeal.

On December 20, 1978, the jury returned a unanimous verdict adverse to plaintiff. No judgment was entered thereon as contemplated by Iowa R.Civ.P. 223.[1] Plaintiff filed a motion for new trial on December 27, which was overruled by the court on February 27, 1979. On March 16 plaintiff

---

1. Iowa R.Civ.P. 223 provides:

    The clerk must forthwith enter judgment upon a verdict when filed, unless it is special, or the court has ordered the case reserved for future argument or consideration.

filed a notice of appeal from the December 20, 1978, jury verdict, the judgment of December 20, and the February 27, 1979, ruling denying his new trial motion.

When this appeal was ready for submission, we noted that no trial court judgment had actually been entered. On January 22, 1980, we entered an order allowing the parties to file statements of reasons why the appeal should not be dismissed as prematurely taken because no final judgment had preceded the ruling on the motion for new trial. Iowa R.App.P. 1(a); *Decatur-Moline Corporation v. Blink*, 283 N.W.2d 347, 350 (Iowa 1979) ("a new trial motion cannot provide the necessary element of finality to an otherwise interlocutory order or decision.").

Thereafter, at plaintiff's instance on January 25, 1980, a judgment entry in the trial court was filed entering judgment for defendant, dismissing defendant White's cross-petition against Wandling and taxing costs. On the same date plaintiff filed an application for order nunc pro tunc and the trial court entered an ex parte order thereon that stated the court and counsel inadvertently had failed to observe that a judgment had not been entered of record on December 20, 1978, the date the jury rendered its verdict. The court ordered therein that the court's judgment be entered nunc pro tunc by the clerk as of December 20, 1978, and that the judgment "shall have the same force and effect as if entered that date." That additional procedural record was then certified to this court.

Plaintiff, of course, says the appeal should not be dismissed because the trial court's action in entering the nunc pro tunc order corrected the record and provided a final judgment from which appeal was taken. The other parties are not asking that the appeal be dismissed. Neither do they contest the ex parte nunc pro tunc order entered by the court nor claim prejudice thereby. *See generally McVay v. Kenneth E. Montz Implement Company*, 287 N.W.2d 149 (Iowa 1980) (prejudice claimed by the other party). We believe we have jurisdiction to entertain the appeal.

In *McCleeary v. Wirtz*, 222 N.W.2d 409, 416 (Iowa 1974), we held that a trial court is not divested of jurisdiction by a premature notice of appeal. Therefore, on January 25, 1980, the trial court had jurisdiction to enter the judgment and nunc pro tunc order under the present circumstances.

The next question is whether the trial court could enter a judgment nunc pro tunc although no judgment had been previously entered. At this point we must recognize there have been two lines of Iowa nunc pro tunc cases. One line is illustrated by the following from *McVay*, 287 N.W.2d at 150–51:

Perhaps we should review briefly what we have said in earlier cases about the proper function of nunc pro tunc orders. Literally nunc pro tunc means "now for then." A nunc pro tunc entry makes the record show now what was actually done then. Its purpose is to make the record show truthfully what judgment was actually rendered . . . ." "*It is not for the purpose of correcting judicial thinking, a judicial conclusion or mistake of law.*" Thus if a court makes an error of fact or law in arriving at its judgment, the appropriate remedy is not by way of a nunc pro tunc order but by other available procedures such as a motion under rule 179(b), R.Civ.P., or a motion for new trial under rule 244, R.Civ.P. This is apparent from the present statutory authority which limits the nunc pro tunc power of the court "*only* to correct an evident mistake." § 602.17, The Code (emphasis added).

(Citations omitted.)

However, our problem is that nothing "was actually done then"; that is, no judgment was entered on December 20, 1978. We reaffirm the authorities stated in *McVay* as relevant to instances when some judgment was previously entered. On the other hand, we believe another line of nunc pro tunc cases applies in this Iowa R.Civ.P. 223 situation where no judgment was timely entered on a jury verdict due to ministerial error or oversight by the court. In *State v. Steffens*, 282 N.W.2d 120, 122 (Iowa 1979), we quoted with approval the

following from 46 Am.Jur.2d *Judgments* § 201 at 443–44: "The power of the court in this regard is to make the journal entry speak the truth by correcting clerical errors and omissions . . . ." In *Kuiken v. Garrett*, 243 Iowa 785, 806–07, 51 N.W.2d 149, 161–62 (1952), we approved a trial court nunc pro tunc entry of a judgment under rule 223, nearly one and one-half years after the jury verdict was rendered, which required the judgment to be effective on the verdict date. Similarly, in *Wilson v. Corbin*, 241 Iowa 226, 229, 40 N.W.2d 472, 474–75 (1950), we set aside our submission when no judgment had been previously entered and remanded the case to allow the district court to enter a proper judgment nunc pro tunc and to show the judgment effective on the date of a directed jury verdict. We said that appeal could then be resubmitted for our consideration. We recently followed the remand procedure of *Wilson* in *In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979), for the purpose of having an order entered nunc pro tunc so as to make the appeal timely.

In *McCreary*, we said "when the only deficiency is lack of a formal order incorporating terms of an otherwise complete ruling from which appeal was incorrectly taken . . . ." we have allowed the limited remand procedure. *Id.* We believe the jury verdict here was an otherwise complete ruling which only lacked a formal judgment entry, a ministerial act under rule 223.

Here the trial court has now entered an appropriate nunc pro tunc order correcting the record making the January 25, 1980, judgment effective on December 20, 1978, when the verdict was rendered. This is the same result as if we had ordered a limited remand as in the *Wilson* and *McCreary* cases. We deem such a remand unnecessary under the present record.

We hold the district court had authority to enter the January 25, 1980, nunc pro tunc order making the judgment entry effective on the date of the jury verdict, and accordingly that we have jurisdiction to entertain this appeal.

II. *Objections to defendants' expert witness testimony.* At trial defendants called two expert witnesses, Myron Lofgren, an accident reconstruction specialist in the Minnesota State Highway Patrol, and George W. Brown, a consultant in accident analysis. Plaintiff contends the court abused its discretion by overruling many of plaintiff's objections to the hypothetical questions asked these experts. On appeal plaintiff does not contend the witnesses were not qualified. Instead plaintiff says the questions assumed matters not in evidence and omitted facts that should have been included. Defendants respond that plaintiff failed to preserve error as to this assignment because the principal objections asserted by plaintiffs were "incompetent, irrelevant, immaterial," "calling for the opinion and conclusion of the witness," "no proper foundation" and "assuming a fact not in evidence" without specifying the deficiencies in the questions for enlightenment of the court and opposing counsel.

We recently stated the principles concerning admission of expert opinion testimony in *Osborn v. Massey-Ferguson, Inc.*, 290 N.W.2d 893, 899 (Iowa 1980) and *Haumersen v. Ford Motor Company*, 257 N.W.2d 7, 11 (Iowa 1977), and they need not be repeated here.

As to the objections made by plaintiff, the matters testified to by these witnesses were relevant and material to the issues of negligence by defendants, recklessness by Wandling, and proximate cause of the accident. Objections on those grounds were without merit. *Mercer v. Chi*, 282 N.W.2d 697, 700 (Iowa 1979); *Carson v. Mulnix*, 263 N.W.2d 701, 706 (Iowa 1978); *State v. Clay*, 213 N.W.2d 473, 477 (Iowa 1973).

The objection that testimony is "incompetent" cannot be said to state a ground of objection. It is condemned for lack of precision. *Shinrone, Inc. v. Tasco, Inc.*, 283 N.W.2d 280, 288 (Iowa 1979); *State v. Clay*, 213 N.W.2d at 477. Also, the objection, "calling for the opinion and conclusion of the witness," without more, is

insufficient to preserve any error. *Bengford v. Carlem Corporation,* 156 N.W.2d 855, 865 (Iowa 1968).

Finally, plaintiff's objections of "no proper foundation" and "assuming a fact not in evidence" made without specifying the claimed deficiencies do not preserve error either. *State v. Janssen,* 247 N.W.2d 260, 262 (Iowa 1976).

Without unduly extending this opinion by reciting the several questions and objections thereto on which plaintiff claims error, we conclude the objections as made were not sufficiently specific to preserve error in this assignment.

III. *The accident report.* A written report by the investigating peace officer concerning the accident was offered in evidence by Wandling and admitted by the court over defendants' objections. Plaintiff's counsel had no objection and stated he would "be glad" to have the exhibit admitted. The report stated at one point that vehicle # 2 (defendant Provin) was making a left turn into the Consolidated Gas Station. This information was compatible with the physical and eyewitness evidence. However, counsel seemingly overlooked another portion of the report that would indicate the Wandling car was turning left at the time of the accident. That item was not compatible with the other trial evidence. The discrepancy was noticed by the jury, which sent a note to the trial judge asking about the matter. The court's written response stated it was up to the jury "to determine from all the evidence, facts, and circumstances which vehicle was making the left turn."

In his motion for new trial and here, plaintiff claims the accident report was erroneous and misleading to the jury and that we should therefore grant him a new trial.

■ Generally, when a party makes no objection to the reception of evidence at trial, the matter will not be reviewed on appeal. *Quad County Grain, Inc. v. Poe,* 202 N.W.2d 118, 119 (Iowa 1972); *Ackerman v. James,* 200 N.W.2d 818, 824 (Iowa 1972).

Plaintiff cites *Luick v. Albertson,* 216 N.W.2d 310 (Iowa 1974); *Powers v. City of Dubuque,* 176 N.W.2d 135, 139 (Iowa 1970), and *Bletzer v. Wilson,* 224 Iowa 884, 276 N.W. 836 (1937), as authority for granting a new trial even though error had not been preserved as to an erroneous instruction or legal point. However, *Luick* and *Bletzer* involved the grant of a new trial by the district court, which we affirmed as not an abuse of discretion. We are "slower to interfere with the grant of a new trial than with its denial." Iowa R.App.P. 14(f)(4). In *Powers,* we concluded the trial court did not abuse its discretion in overruling the appellant's motion for new trial. 176 N.W.2d at 139.

■ We believe the court's written response to the jury in the present case adequately handled the problem. The court correctly overruled this ground of plaintiff's new trial motion. There is no error here.

IV. *Verdict sustained by sufficient evidence.* Plaintiff contends the jury's verdict for defendants was "not sustained by sufficient evidence," as that phrase is used in Iowa R.Civ.P. 244(f). That assertion was one of the bases for plaintiff's motion for new trial, which the court overruled.

By answer to special interrogatory, the jury found there was no negligence on the part of defendant Provin, the truck driver. Therefore, plaintiff was unable to recover on his petition against defendants Provin and White.

■ The following principles apply to our consideration of plaintiff's contention. "In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties." Iowa R.App.P. 14(f)(3); *Lappe v. Blocker,* 220 N.W.2d 570, 572 (Iowa 1974). "The court is slower to interfere with the grant of a new trial than with its denial." Iowa R.App.P. 14(f)(4). "Generally questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law." Iowa R.App.P. 14(f)(10).

Plaintiff admits he was not entitled to a directed verdict but contends that he should get a new trial because the jury verdict is against the weight of the evidence and did not respond to the merits of the controversy. *Henrich v. Oppedal*, 248 Iowa 509, 511, 81 N.W.2d 429, 321 (1957).

■ The court submitted for jury consideration plaintiff's following allegations of negligence by defendant Provin: failing to drive his vehicle at a speed permitting him to stop within the assured clear distance ahead; failing to yield the right of way when making a left turn; failing to keep a proper lookout; and violation of common-law control.

Plaintiff says the evidence showed defendant Provin turned his truck in front of the Wandling car in which plaintiff's decedent was riding; therefore, the jury should have found Provin negligent.

However, other evidence showed that defendant Provin, the truck driver, testified that he looked straight ahead north for oncoming traffic before starting his left turn and saw none. During the turn, the truck traveled at three to five miles per hour. Defendants' experts testified and photo exhibits showed that the oncoming Wandling car, in which plaintiff was riding, could have been out of sight at the bottom of a hill 656 to 720 feet away at the time the defendant truck driver started his turn into the gasoline service station. Those experts, also, testified that, judging from skidmarks, damage to the vehicles, and eyewitness accounts, Wandling's oncoming car was exceeding the 55 mph speed limit and probably exceeding 70 mph prior to braking in an attempt to avoid colliding with defendants' left-turning truck. There also was evidence from which it could be inferred that if the car had been traveling at a legal speed, there was adequate distance after the car came out of the dip in the road for the driver to see the turning truck and stop the car short of the truck. Other evidence showed there were signs north of the gas station on the road and at the bottom of the hill that stated "Slow" and "Trucks Crossing," which would have warned the oncoming car driver.

The implication from this evidence would be that the sole proximate cause of the accident was negligence by the driver of the car in which plaintiff was riding and that defendant Provin was not negligent.

We believe there was substantial direct and circumstantial evidence to justify the jury verdict for defendants. We cannot say the court abused its discretion in overruling plaintiff's new trial motion as to this ground.

There is no merit in this assignment.

V. *Jury misconduct.* Plaintiff also claims his motion for new trial should have been granted due to misconduct by the jury. Attached to his motion was an affidavit of one juror containing assertions that: (1) three jurors indicated that they knew the meaning of several legal terms, including proximate cause, and "were not interested in" listening to or reading the court's instructions; (2) "a few other jurors" said that the instructions were "not applicable to this case"; (3) some jurors wanted to vote immediately upon entering the jury room, and would not look at the exhibits; (4) an accident report allowed into the jury room was inaccurate to a serious extent, confusing the jury; (5) a jury member declared that denying plaintiff recovery would prevent a future suit by the estate of the driver of the car against the truck driver; and (6) "several" jurors expressed the opinion that plaintiff and the driver were "talking and gawking around" before the accident, when there was no evidence of this.

After seven hours' deliberation, the jury returned a unanimous verdict.

Applicable to this assignment is the following from *Harris v. Deere & Company*, 263 N.W.2d 727, 729 (Iowa 1978):

Trial courts have broad discretion in ruling on motions predicated on jury misconduct. We stated in *State v. Houston*, 209 N.W.2d 42, 44 (Iowa):

Trial court has broad discretion in determining whether evidence of claimed jury misconduct justifies a new

trial. . . . Trial court's holding will not be set aside on appeal except upon showing an abuse of such discretion.

See also *State v. Lass*, 228 N.W.2d 758, 771 (Iowa) ("Trial courts have broad discretion in these matters."); *State v. Berch*, 222 N.W.2d 741, 747 (Iowa) ("We have repeatedly held trial courts have broad discretion in determining whether evidence of claimed jury misconduct justifies a new trial.").

In *Harris*, we extensively discussed the principles and cases involved in the area of jury misconduct. 263 N.W.2d at 729–34. There we said:

Motions based on alleged jury misconduct involve two basic problems: the procedural problem of proving the facts as to what happened, and the substantive problem of the effect of the facts which are proven.

263 N.W.2d at 729.

In addition and more recently in *State v. Rouse*, 290 N.W.2d 911, 916–17 (Iowa 1980), as to the procedural problem, we drew a distinction between the internal workings of the jury which inhere in the verdict and cannot be testified to by a juror, and evidence of external matters or objective facts which may properly be testified to by a juror. There we said:

A distinction must be drawn between inquiries into the internal workings of the jury and external pressures brought to bear on the decision-making process. The internal workings include what parts of the record or instructions were or were not considered, the jurors' discussion, their motivations, mental or emotional reactions, their votes, or other evidence which seeks to show that the actual decision of the jury was, or should have been, something other than what the verdict indicates. Such matters are said to "inhere" in the verdict. In this context, it is appropriate to invoke the parol evidence rule to prevent assaults on a verdict. Upon the basis of the parol evidence reasoning, or upon general policy grounds, or both, this type of evidence is incompetent.

In *State v. Hahn*, 259 N.W.2d 753, 757 (Iowa 1977) (statement by juror that he knew trial judge "hates" hung juries), this court stated the rule in very unequivocal terms:

We are obliged to ignore statements or affidavits of jurors as to whether the communications influenced their verdict. The principle is well settled a juror may not by affidavit or testimony state what influenced the jury in reaching the verdict.

On the other hand, evidence of external matters improperly brought to bear on the deliberations may be used to attack a verdict. These "objective" facts may be testified to by a juror. Examples would be an experiment by a juror and a prejudicial comment by a bailiff to jurors in a criminal case . . . . .

*Id.* (citations omitted).

We are also mindful that "[a]s a practical matter, courts cannot be too strict on jury discussion or few verdicts could stand." *State v. Lass*, 228 N.W.2d 758, 771 (Iowa 1975).

We discussed and found no merit to plaintiff's claim relative to the accident report in Division III above.

We find the other items of alleged jury misconduct involved internal workings of the jury, inhere in the verdict, and are outside the scope of permissible juror inquiry. The rule excluding such evidence, being one of substantive law, is properly applied by the court even in the absence of objection by a party. *Rouse*, 290 N.W.2d at 917. Therefore, plaintiff has not satisfied the procedural problem of proving the facts as to what happened and therefore we need not discuss the substantive problem of the effect of facts proven. *Harris*, 263 N.W.2d at 729.

The court did not abuse its discretion and committed no error in refusing a new trial as to alleged juror misconduct.

We have considered all issues raised by plaintiff, whether specifically discussed or not, and find them without merit.

The case is affirmed.

AFFIRMED.